Parker, J.
The judgment in this case ought, I think, to be affirmed. The submission was “ of all matters of difference between the parties in this suit.” There is a well settled distinction between such a submission, and a general reference of all matters in difference between the parties. Malcolm and others v. Fullerton, 2 T. R. 645. The umpire was therefore right in looking to the pleadings to determine the extent of his authority. The issues were payment or no payment, set-off or *304 no set-off; and the matters in difference beween the parties were, whether the defendant had paid the debt or had an available set-off against it. Payment was not pretended; and the set-off consisted of an order on Jerman Baker in favour of the plaintiffs, payable at sight, which draft the defendant enclosed to the plaintiffs in a letter, directing the money, when received, to be placed to his credit. It is manifest that this was no payment to the plaintiffs, until the money was received ; for he directs it to be placed to his credit when received„ Nor is it a good set-off, unless the negligence of the plaintiffs in collecting the amount of the draft made them liable for liquidated damages, and entitled the defendant to bring assumpsit for that amount. But the umpire decided (and in my opinion correctly) that the liability of the plaintiffs was not necessarily to the amount of the order on Baker, but for such damages as a jury might assess for any supposed misconduct of the plaintiffs in collecting the debt; which damages were wholly unliquidated and uncertain. They might be merely nominal, or they might amount to the sum of 155 dollars mentioned in the draft or order. If Baker was insolvent at the date of the bill, or when it came into the plaintiffs’ hands, or if any other cause rendered it prudent for these agents to take an acceptance a.t 60 days, instead of returning it to their principal, a jury would give no damages; and other circumstances might vary their amount, from one cent to the full amount of the bill.
If this be the nature of the defendant’s claim, he could not offer it as a set-off, even if the arbitrators are to be regarded as chancellors; for although the law allows all just discounts, it does not, in any court, permit unliquidated demands to be set off. Webster v. Couch, 6 Rand. 519.
The objection taken that the award is not final seems to me to have no weight. An award is final which set- *305 ties the matters submitted ; and I have endeavoured to shew that this claim for unliquidated damages was not included in the order of reference. The award itself, too, shews that the subject matter of this claim was not passed upon by the umpire. The idea therefore that Harrison., by the award, is denied the power of recovering any claim against Wortham SfM’Gruder for a breach of their implied undertaking to use due diligence in the collection of the bill, is wholly without foundation. If in such action the defendants should plead the award, the plaintiff might reply that the subject matter of the present action was not included in the reference, and not considered or determined by the arbitrators. And even if the reference had been more general, it would not have barred the action. Ravee v. Farmer, 4 T. R. 146.
This view of the case renders it unnecessary to give any opinion upon another point arising in the cause; namely, whether the appellant can be permitted to urge objections to the award, in this court, when it does not appear by the record that any objection or exception to it was taken in the court below.
Tücker, P. and Cabell, J. concurred in the opinion of judge Parker.
Judgment affirmed.